| | |
|---|---|
| **From:** | Eric@MarionCountyRecord.com |
| **To:** | gcody@marionks.net; jsoyez@marioncoks.net |
| **Subject:** | DMV information supplied by source |
| **Date:** | Friday, August 4, 2023 6:52:03 PM |

**Caution!** This message was sent from outside your organization.    Allow sender | Block sender

Gentlemen:

This note is to alert you to a document the newspaper office received this week from a source.

The document purports to be a letter, sent by the Department of Motor Vehicles and dated Aug. 1, 2023, to a Marion businesswoman who recently has been in the news. It lists her current address and contains information about her needing to complete additional steps before DMV can reactivate her driver's license, which apparently expired many years ago. Her new license would limit her to operating a vehicle with an ignition interlock, apparently because of a conviction for driving under the influence 15 years ago. Various other suspensions, dating to 2001, show up as having been cleared from her record in recent weeks.

We initially were concerned whether the letter was accurate and, if so, whether it was obtained legally. Our lawyer's advice was that the information most likely would be available as public records and, therefore, it would not be illegal for us to possess the document, depending on how our source obtained it.

Our checks with DMV reveal that anyone could obtain the document if he or she possessed the recipient's Kansas identification card number, name, and date of birth. Our source, who has personal and family history with law enforcement, implied that she obtained the document because of "connections." If it had been provided by someone in law enforcement or obtained by intercepting mail, the document might have been obtained illegally — which is why I am notifying you. We believe, however, that the document was provided by the soon-to-be-former spouse of the businesswoman, who apparently has been contesting awarding of vehicles to her during their ongoing divorce.

We obviously are concerned how someone could escape detection as having an expired or suspended license for nearly a quarter of a century and might pursue a news story in that regard. However, we have no desire to invade the privacy of any individual, especially if this is merely squabbling during a divorce, and probably will pass on writing that story.

Still, there is one other reason why I mention all of this to you. Our source contends that local law enforcement officers are fully aware that she — and, perhaps, her son — have been driving for some time without active, valid licenses. This is the sort of unsubstantiated rumor we routinely hear but typically do not follow up on unless there is a higher degree of credibility behind it. However, given the remote possibility that the document might have come from someone in the law enforcement community who might have passed it on to our source, I wanted to make sure you were aware of the situation.

**DEFENDANT'S EXHIBIT**

**3**

Because of the confidential nature of our source and privacy expectations of the individual targeted, I am not comfortable sharing additional information unless you inform me that you have cause to believe some crime or misbehavior might have occurred and additional information we might be able to provide could assist in any investigation.