IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PHYLLIS J. ZORN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 2:24-cv-2044-DDC-TJJ ) |
| CITY OF MARION, KS; DAVID MAYFIELD, individually and in his official capacity; GIDEON CODY, individually and in his official capacity; ZACHARIAH "ZACH" HUDLIN, in his individual capacity; THE BOARD OF COUNTY COMMISSION OF MARION COUNTY, KS; SHERIFF JEFF SOYEZ, individually and in his official capacity; AARON CHRISTNER, in his individual capacity. | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**UNOPPOSED MOTION TO REDACT BY DEFENDANTS GIDEON CODY, DAVID MAYFIELD, ZACHARIAH "ZACH" HUDLIN AND CITY OF MARION, KS**

Pursuant to D. Kan. Rule 5.4.2, Defendants Cody, Mayfield, Hudlin, and the City of Marion, Kansas, move to redact two provisionally sealed documents which have been filed as exhibits in support of these Defendants' motions to dismiss. (*See* Doc. 24 and 28) Defendant Cody filed his motion to dismiss, supporting memorandum and exhibits on March 22, 2024. (See Doc. 22-25.) Defendants Mayfield, Hudlin and City filed their joint motion to dismiss, supporting memorandum, and exhibits on March 25, 2024. (See Doc. 26-29.) The exhibits for redaction are the same (i.e., Exhibits 1 and 2) filed in support of both dispositive motions.

Exhibit 1 at issue is a letter by the Kansas Department of Revenue (KDOR) to a nonparty individual (Kari Newell) dated August 1, 2023, which contains Ms. Newell's address, driver's license number, and date of birth. These Defendants propose to redact that private personal information contained in the KDOR letter.

Exhibit 2 is a KDOR website form which contains Ms. Newell's driver's license number. These Defendants propose to redact that private personal information from the form.

## I. BACKGROUND FACTS

Plaintiff Phyllis Zorn filed this §1983 lawsuit alleging that these Defendants violated her First and Fourth Amendment rights when Defendant Cody obtained a search warrant for the offices of Zorn's employer (the Marion County Record newspaper) and seized Zorn's work computer and personal cell phone. (*See* Doc. 1) Defendants (except the City) have raised qualified immunity as a defense and contend that probable cause existed for the search warrant and the seizure of these items. (*See* Doc. 23 and 27.)

Defendants contend that probable cause existed for the search warrant because Plaintiff downloaded Ms. Newell's KDOR letter (Exhibit 1 at issue) from the KDOR website without Ms. Newell's authorization or a permissible reason. (*See* Doc. 23 at 13-22) Defendants maintain that Zorn's conduct (as set forth in the Complaint) violated the federal Driver's Privacy Protection Act (DPPA) and the state-law statutes prohibiting unlawful acts concerning computers (K.S.A. 21-5839) and identity theft (K.S.A. 21-5839(a)(5). (Doc. 23 at 13-22.) However, Plaintiff contends that none of those criminal statutes were violated and that Defendants acted without probable cause out of retaliatory animus toward Plaintiff. (Doc. 1 at 28-29.)

## II. LEGAL STANDARD

Pursuant to D. Kan. Rule 5.4.2, this motion must contain the following information for the Court's consideration:

> (1)   a description of the specific portions of the document, without attaching the document in question or revealing the confidential information, that the Proponent asks the court to maintain under seal or allow to be redacted, which must be narrowly tailored to the asserted confidentiality interest;
>
> (2) the confidentiality interest to be protected and why such interest outweighs the

2

presumption of public access (stipulations between the parties or stipulated protective orders, alone, are insufficient to justify restriction);

(3) a clearly defined and serious injury that would result in the absence of restricting public access;

(4) why no lesser alternative is practicable or why restricting public access will adequately protect the confidentiality interest in question;

(5) the extent to which the motion is opposed or unopposed, if known.

### III. ARGUMENT

1. Description Of The Proposed Redactions

These Defendants seek to redact the private personal information relating to the non-party, Kari Newell, in Exhibits 1 and 2. That information would be her address, driver's license number, and birth date. The public interest in that information is low and is not necessary or warranted for resolution of the issues in this case. *Riker v. Federal Bureau of Prisons,* 315 Fed. Appz. 752, 754-755 (10th Cir. 2009).

2. Ms. Newell's Confidentiality Interest Outweighs The Presumption Of Public Access

As a non-party, Ms. Newell's confidentiality interest in this case far outweighs the presumption of public access. Her personal information itself is not relevant to this case. Only Plaintiff's conduct in downloading the KDOR letter and Defendants' conduct in investigating the download as a possible crime is relevant. *See Riker*, 315 Fed Appx. At 755 (the information would play only a negligible role in the Court's Article III duties); *Consumer Financial Protection Bureau v. Integrity Advance, LLC,* 2024 WL 553968 at 2 (D. Kan.) (disclosure of identity of defendant's client could harm client's consulting business which overrides public interest)

3.   A Clearly Defined And Serious Injury Would Result

Disclosure of Ms. Newell's private personal information (without any case-related justification) could potentially cause her serious injury if a member of the public uses that

3

information to harm her physically or financially. That is why the DPPA considers it "personal information" protected from disclosure in her motor vehicle records, except under specified permissible circumstances. (*See* 18 U.S.C. §2725(3) and §2722(a); *See also* Doc. 23 at 13-19) *Medtronic, Inc. v. U.S. Dept. of Veteran Affairs,* 2024 WL 663405 at 2 (D. Kan.) (the risk of exposing an individual veteran's medical condition outweighs the public's right of access).

4.  No Lesser Alternative Is Practible

The proposed redactions are as narrowly tailored as they can be without revealing the very information that should be kept confidential. Even with those redactions, most of the contents of Exhibits 1 and 2 will be available to the public.

5.  This Matter Is Unopposed

Plaintiff and the other co-defendants do not object to the redactions which these Defendants request.

## IV.  CONCLUSION

For all of the reasons discussed above, the Court should grant this motion and permit redaction of the private personal information of the non-party, Ms. Newell, in Exhibits 1 and 2. (*See* Doc. 24 and 28)

Submitted by:

s/ Edward L. Keeley
Edward L. Keeley, #09771
Jennifer M. Hill, #21213
McDONALD TINKER PA
300 West Douglas, Suite 500
Wichita, KS 67202
 T: (316) 263-5851
 F: (316) 263-4677
 E: jhill@mcdonaldtinker.com
    ekeeley@mcdonaldtinker.com
*Attorneys for Defendants*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of March 2024, I presented the foregoing **Unopposed Motion to Redact** to the Clerk of the Court for filing and uploading to the CM/ECF system which will send a notice of electronic filing to the following:

Jeffrey L. Kuhlmann
WATKINS CALCARA, CHTD.
1321 Main Street – Suite 300
P.O. Drawer 1110
Great Bend, Kansas 67530
Tel: (620) 792-8231
Fax: (620) 792-2775
Email: jkuhlman@wcrf.com
*Attorneys for Defendants The Board of County Commission of Marion County, KS, Sheriff Jeff Soyez, Aaron Christner*

Randall K. Rathbun
DEPEW GILLEN RATHBUN &
MCINTEER LC
8301 E. 21st Street N., Suite 450
Wichita, Kansas 67206-2936
T: (316) 262-4000
Email: randy@depewgillen.com
*Attorney for Plaintiff*

s/ Edward L. Keeley
Edward L. Keeley, #09771
Jennifer M. Hill, #21213