THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PHYLLIS J. ZORN<br><br>Plaintiff,<br><br>v.<br><br>CITY OF MARION, et al.,<br><br>Defendants. | Case No. 2:24-CV-02044-DDC-TJJ |

**DEFENDANTS' JOINT MOTION TO STAY DISCOVERY
AND MEMORANDUM IN SUPPORT**

COME NOW, the Defendants, by and through their counsel of record, and jointly move for an order staying discovery until resolution of their respective motions to dismiss (Docs. 20, 22, 26). In support of this motion, Defendants state as follows:

**Factual and Procedural Background**

This lawsuit arises out of the execution of a search warrant on Plaintiff's employer, the Marion County Record. Defendants Jeff Soyez, Aaron Christner, Gideon Cody, and Zach Hudlin have all raised the defense of qualified immunity on the claims asserted against them in their individual capacities. (*See* Docs. 21, 23, and 27). Additionally, all municipalities and defendants named in their official capacities have moved to dismiss the claims against them for failure to state a claim upon which relief may be granted. (*Id.*) All of the Defendants' pending motions to dismiss are fully dispositive and raise the defense of qualified immunity. (*Id.*).

**Legal Standard**

The Court has great flexibility in determining the time, manner, and scope of discovery. Such flexibility allows the Court to create a discovery plan which best serves the interest of justice. "The decision to stay discovery . . . is firmly vested in the sound discretion of the trial court. *Cetin*

*v. Kan. City Kan. Cmty. Coll.*, 2023 U.S. Dist. LEXIS 210258, at *2 (D. Kan. Nov. 27, 2023).

> It has long been the general policy in the District of Kansas not to stay discovery merely because a dispositive motion has been filed. However, there are four recognized exceptions to this policy. That is, a discovery stay may be appropriate if: (1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit.

*Arnold v. City of Olathe*, 2019 U.S. Dist. LEXIS 37952, at *5 (D. Kan. March 8, 2019).

**Argument and Authority**

Discovery should be stayed because all the individual defendants have raised the defense of qualified immunity. The driving force behind the creation of qualified immunity is a desire to ensure that insubstantial claims against government officials are resolved before the officials are subjected to discovery. *Pearson v. Callahan,* 555 U.S. 223, 231 (2009); *see also Martin v. Cnty. of Santa Fe,* 626 Fed. Appx. 736, 740 (10th Cir. 2015). "Generally speaking, a defendant is entitled to have questions of immunity resolved before being required to engage in discovery and other pretrial proceedings." *Dahl v. City of Overland Park*, 2002 U.S. Dist. LEXIS 13465, at *2 (D. Kan. July 8, 2002). "One of the purposes of immunity…is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." *Siegert v. Gilley*, 500 U.S. 226, 232 (1991).

"The Supreme Court has made it clear that until the threshold question of immunity is resolved, discovery should not be allowed." *Pfuetze v. State of Kansas*, 2010 U.S. Dist. LEXIS 95935, at *1 (D. Kan. Sept. 14, 2010) (citing *Siegert,* 500 U.S. at 232). Federal Courts in Kansas have repeatedly held that discovery should be stayed when a motion to dismiss raising qualified immunity has been filed. *See Pfuetze*, at *2 ("[a]ll pretrial proceedings and discovery are hereby

2

stayed, pending a ruling upon the Motions to Dismiss filed by [D]efendant State of Kansas"); *see also Coffman v. Hutchinson Cmty. Coll.,* 2018 U.S. Dist LEXIS 27199 at *7-8 (D. Kan. Feb. 21, 2018). Because that defense has been uniformly raised here, a stay of discovery is appropriate.

The presence of a qualified immunity defense is determinative: discovery should be stayed. But even putting the immunity issue aside, a stay is still appropriate. The other three factors set forth above are present here. The motions, if granted, would be fully dispositive and would resolve this action in its entirety. Additionally, because the pending dispositive motions are filed under Rule 12(b)(6), and therefore are analyzed entirely by looking at the Plaintiff's allegations in her Complaint, facts sought through discovery would not affect their resolution. Lastly, discovery on issues raised in the Complaint would be wasteful and burdensome, especially considering the immunity and *Monell* defenses that have been raised. For these reasons, a stay of discovery is appropriate.

WHEREFORE, the Defendants jointly pray that discovery be stayed until their pending Motion to Dismiss is decided.

Respectfully submitted,

WATKINS CALCARA, CHTD.

/s/      JEFFREY M. KUHLMAN
          Jeffrey M. Kuhlman, #26865
          1321 Main Street - Suite 300
          P.O. Drawer 1110
          Great Bend, Kansas  67530
          (620) 792-8231   Fax (620) 792-2775
          jkuhlman@wcrf.com
          Attorney for Defendants Jeff Soyez, Aaron Christner, and the Board of County Commissioners of Marion County, Kansas

                        Edward Keeley, #09771
                        Jennifer Hill, #21213
                        MCDONALD TINKER, PA
                        300 W. Douglas, Suite 500
                        PO Box 207
                        Wichita, KS 67202
                        (316)793-0347
                        jhill@mcdonaldtinker.com
                        ekeeley@mcdonaldtinker.com
                        Attorneys for City of Marion Defendants

## CERTIFICATE OF SERVICE

       I hereby certify that on this 2nd day of April, 2024, I electronically filed the above and foregoing Motion by using the CM/ECF system which will send a notice of electronic filing to registered counsel, including the following:

Randall K. Rathbun
DEPEW GILLEN RATHBUN & MCINTEER, LC
8301 E, 21st Street North, Suite 450
Wichita, KS 67206-2936
Attorneys for Plaintiff

                        s/      JEFFREY M. KUHLMAN
                              Jeffrey M. Kuhlman, #26865