DEPEW GILLEN RATHBUN & MCINTEER LC
8301 E. 21st Street North, Suite 450
Wichita, KS 67206-2936
Telephone: (316) 262-4000
Randy@depewgillen.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PHYLLIS J. ZORN | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) Case No. 24-CV-2044-DDC-TJJ |
| CITY OF MARION, KS, et al., | ) |
| | ) |
| Defendants | ) |
| _____ | ) |

## RESPONSE TO DEFENDANTS'
## JOINT MOTION FOR STAY

It is probably a safe bet that on August 10, 2023, most people outside central Kansas had never heard of Marion, Kansas (population 1,922 according to the 2020 Census). That was the day before the defendants raided the local newspaper and international scorn rained down on upon the Marion police department and the Marion County Sheriff's office. The illegal raid is now the only notable event in Wikipedia's description of the town–other than it being named after the "Swamp Fox," Francis Marion, a brigadier general of the American Revolutionary War.

As one might imagine, the defendants hope to put as much time between the raid and having to face their peers in a jury in Federal Court. Accordingly, they have filed a motion to stay this action so there will be no activity in *this* case until Judge Crabtree consigns the qualified immunity claims made by some of these defendants to the ashcan of history. And, as discussed below, discovery continues unabated in a companion case to this one against former Police Chief Gideon Cody, who had pleaded qualified immunity and fled the jurisdiction.

The motion should be rejected for the following reasons:

(1)    Defendants cannot meet their burden to "clearly show a compelling reason for the Court to issue a stay;"

(2)    The case will not be concluded as a result of the ruling on qualified immunity;

(3)    Discovery continues full speed in the companion case *Gruver v. Cody*, No. 23-cv-01179, Dist. of Kan. (Oct. 4, 2023) in spite of the fact that Defendant Cody claims qualified privilege in that case. [Doc 9, p. 16].

## ARGUMENT AND AUTHORITIES

The standard for motions to stay is well known in this District. As this Court noted in *King v. United States*, No. 16-CV-1435-EFM-TJJ, 2017 WL 3723291, at *1 (D. Kan. Aug. 29, 2017) :

> The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court. The Tenth Circuit, however, has held that "the right to proceed in court should not be denied except under the most extreme circumstances." Therefore, as a general rule, the District of Kansas

does not favor staying discovery pending a ruling on a dispositive motion. A stay is not favored because it can delay a timely resolution of the matter.

Defendants rely upon an exception sometimes applied to cases involving claims of qualified immunity. As this Court noted in the case above however, this exception has limitations: "When the issue of immunity is raised but not yet determined, discovery is limited to "resolving that issue alone." *Id.* at *1.

*A Stay is not Appropriate in this case*

In *King v. United States*, 2017 WL 3723291 (Aug 29, 2017), the plaintiff[1] opposed a motion to stay discovery based upon qualified immunity being asserted by federal employees in a *Bivens* action. As in the instant case, a ruling on the qualified immunity issue would not dispose of all issues in the case. This Court denied the motion, based on the following factors:

1. Defendants failed to meet their burden on the *Wolf* factors to demonstrate why discovery should not go forward on other claims in the case;

2. A party seeking a stay of discovery has the burden to clearly show a compelling reason for the court to issue a stay. Defendants failed to show a compelling reason to stay discovery

3. Case law in this District clearly allows for discovery relating to the the application of qualified immunity.

---

[1]Represented by defense counsel in this case, Jennifer Hill of McDonald Tinker.

The test as to whether discovery should proceed in the face of a dispositive motion are sometimes referred to as *Wolf* factors from *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994). Judge Crow noted in *Wolf* that discovery can be stayed in the face of a dispositive motion especially (1) where the case is likely to be finally concluded as a result of the ruling thereon; (2) where the facts sought through uncompleted discovery would not affect the resolution of the motion; or (3) where discovery on all issues of the broad complaint would be wasteful and burdensome.

As noted above, the defendant in *King*—as do the defendants in this case—raised the *Wolf* factors, but did not argue their application ("Defendants merely repeat the *Wolf* factors—the circumstances in which a stay pending a ruling on a dispositive motion is appropriate—but do not apply them to this case") *Id.* at *2.

It makes no sense to stay discovery in this case while discovery in the above-mentioned case against Cody continues. It makes no sense to have to repeat deposition after deposition in this case when discovery continues unabated against defendant Cody. The qualified immunity defense has been raised by Cody in both cases.

The Tenth Circuit has noted that a stay on all discovery when a defendant assert a claim of qualified immunity does not necessarily follow:

> We agree with the Fifth Circuit that: *Harlow [v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) ], *Mitchell*, and *Jacquez* [*v. Procunier*, 801 F.2d 789 (5th Cir.1986) ] make clear that qualified immunity does not shield government officials from all discovery but only from discovery which is either avoidable or overly broad. Discovery designed to flesh out the merits of a plaintiff's claim before a ruling on the immunity defense or discovery permitted in cases where the defendant is clearly entitled to immunity would certainly fall within this category.

*Maxey by Maxey v. Fulton*, 890 F.2d 279, 282 (10th Cir. 1989).

The first issue normally addressed in a qualified immunity analysis is whether the facts alleged or shown by the plaintiff make out a violation of a constitutional right. *Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 811, 172 L. Ed. 2d 565 (2009). A review of defendant Cody's brief in support of his qualified immunity claim [Doc. 23] go far beyond the facts as alleged in the complaint. The plaintiff is entitled to discovery as to the facts alleged by Cody.

### CONTRARY TO DEFENDANTS' CLAIM, ALL PENDING MOTIONS TO DISMISS DO NOT RAISE QUALIFIED IMMUNITY

In support of this motion, defendants claim that "All of the Defendants' pending motions to dismiss are fully dispositive and raise the defense of qualified immunity." [Doc. 32, p. 1]. Unless defendants intend to make new law in this case, the claims against the City of Marion and Marion County are not subject to a qualified immunity defense. The Supreme Court has clearly rejected qualified immunity as a defense available to municipalities. As the Tenth Circuit recently

noted: "But municipalities are not entitled to qualified immunity." *Paugh v.*

*Uintah Cnty.*, 47 F.4th 1139, 1171 (10th Cir. 2022).

The Tenth Circuit has held that a finding on qualified immunity adverse to

the plaintiff does not necessarily resolve all claims against the municipality. For

example in *Moore v. City of Wynnewood*, 57 F.3d 924, 930 (10th Cir. 1995) the

Court held that the City's defense presents different issues than in a case in which

an employee violated a plaintiff's constitutional rights, but was protected by

qualified immunity because those rights had not been clearly established thirty

years ago.

*Paugh* also examined the issue of municipal liability for a constitutional

violation by an employee. In that case, the Court concluded that:

> Here, the crux of the County's appeal is that it cannot be
> liable because "there is no underlying constitutional
> violation by a county employee." Opening Br. at 50. But
> as we've explained, the Estate has shown that a reasonable
> jury could find the needed constitutional violations because
> the Individual Defendants are not entitled to qualified
> immunity. As a result, our ruling on qualified immunity
> would not resolve the claims against the County

*Paugh v. Uintah Cnty.*, 47 F.4th 1139, 1171 (10th Cir. 2022)

Additionally, the qualified immunity defense asserted by Sheriff Jeff Soyez

is available to him only in the claims against him based on his individual capacity.

As the Tenth Circuit has noted, claims arising out of official capacity suits cannot

invoke qualified immunity. *Cox v. Glanz*, 800 F.3d 1231, 1239 n.1 (10th Cir. 2015)

("The defense of qualified immunity is available only in suits against officials sued

in their personal capacities, not in suits against ... officials sued in their official capacities." (ellipsis in original) (internal quotation marks and citations omitted)).

## CONCLUSION

The issue of whether a case should be stayed is committed to the sound discretion of this Court. And as this Court has noted, "qualified immunity is not a shield from *all* discovery" *King* at *1 (emphasis in original). There has been *no* discovery in this case. The Rule 26(f) conference has not occurred and there have been no Rule 26 disclosures. Defendants have not yet filed answers. This is the vacuum in which defendants want this case decided.

Respectfully submitted,

DEPEW GILLEN RATHBUN & MCINTEER LC

/s/Randall K. Rathbun
Randall K. Rathbun #09765
8301 E. 21st Street N., Suite 450
Wichita, KS 67206-2936
(316) 262-4000
Randy@depewgillen.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of April, 2024, the above and foregoing

**Response to Defendants' Joint Motion to Stay** was filed via CM/ECF and notice

sent to:

> Jeffrey M. Kuhlman
> Watkins Calcara Chtd.
> 1321 Main Street, Suite 300
> PO Drawer 1110
> Great Bend, KS 67530
> *Attorneys for Defendants Soyez, Christner, Marion Board*
>
> Edward Keeley
> Jennifer Hill
> McDonald Tinker PA
> 300 West Douglas, Suite 500
> PO Box 207
> Wichita, KS 67202
> *Attorneys for Defendants Cody, City of Marion, et al*

/s/Randall K. Rathbun
Randall K. Rathbun #09765

8