THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PHYLLIS J. ZORN

    Plaintiff,

v.

CITY OF MARION, et al.,

    Defendants.

Case No. 2:24-CV-02044-DDC-TJJ

**THE SHERIFF DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

### I.    Plaintiff fails to address the Sheriff Defendants' *Monell* arguments.

Plaintiff makes no attempt to address Tenth Circuit precedent that to adequately allege failure to train, a plaintiff most ordinarily allege a pattern of violations from untrained employees and must allege deliberate indifference associated with that failure to train. *George v. Beaver Cnty.*, 32 F.4th 1246, 1253 (10th Cir. 2022). Plaintiff falls well short of alleging a failure-to-train theory of municipal liability, and any such claim should be dismissed with prejudice. The failure to train allegations are mere conclusions, with no factual support, and do not state a claim.

Likewise, Plaintiff makes little effort to address the Sheriff Defendants' arguments regarding her theory that Soyez's decisions constitute official policy. The 1AC ("First Amended Complaint") does not allege a direct causal link between Soyez's conduct and her injuries or that he was deliberately indifferent to Plaintiff.[1] The <u>facts</u> alleged are that Cody spoke with Soyez, and then Cody directed officers to "take it all." Plaintiff's additional conclusions are that Soyez had animus towards the record, feared some exposure, and was the decisionmaker in a raid in which he did not participate. These are

---

[1] Although Plaintiff's response does try to dress up what is actually alleged in her conclusory allegations. *Compare* Doc. 35, ¶ 164 *with* Doc. 77, p. 6-7.

1

not well pleaded facts, they are bald assertions that do not plausibly state a claim. *Mbaku v. Carrington Mortg. Servs., LLC*, 735 F. App'x 536 (10th Cir. 2018); *Neighbors v. Bakker*, 2018 U.S. Dist. LEXIS 240078, at *3 (D. Kan. May 1, 2018) ("Plaintiff musters only a bald assertion of a racial motive to support his discrimination claim. This is inadequate."); *Lawson v. Potter*, 463 F. Supp. 2d 1270, 1288 (D. Kan. 2006)("Plaintiff cannot satisfy this standard by her conclusory opinion that Rake had a vendetta against her."). Ultimately, this gets to why Plaintiff's opening citation to *Johnson v. City of Shelby* completely misses the mark. The complaint in that case was initially dismissed due to a failure to identify legal theories. That is not the issue here; rather, the problem with the 1AC—especially as relates to claims against Soyez—is that it is short on facts and long on conclusions. And as *Johnson* instructs, "a plaintiff . . . **must plead facts sufficient** to show her claim has substantive plausibility." *Johnson*, 574 U.S. at 12 (emphasis added).

Lastly, and notably, Plaintiff does not address any law cited by the Sheriff Defendants or cite any case law of her own in responding to the Sheriff Defendants' *Monell* arguments. This, alone, is grounds to grant the Sheriff Defendants motion to dismiss the *Monell* claims, because "[f]ailure to support an argument with citations of pertinent authority or show why it is sound despite a lack of pertinent authority or in the face of contrary authority is akin to failing to brief the issue," rendering the issue waived and abandoned. *Burdick v. Kline*, 2019 U.S. Dist. LEXIS 13836, at *22-23 (D. Kan. Jan. 29, 2019) (citations omitted); *see also Robey-Harcourt v. Bencorp Fin. Co.*, 326 F.3d 1140, 1143 (10th Cir. 2003).

## II.     Plaintiff's conspiracy claim also relies almost entirely on conclusions.

Plaintiff's conspiracy claim relies on two types of allegations: unsupported conclusions and allegations of lawful conduct. Neither are adequate to state a claim. *Montoya v. City & Cnty. of Denver*, 2022 U.S. App. LEXIS 15338, at *8 (10th Cir. June 3, 2022); *Fraiser v. Evans*, 992 F.3d 1003, 1025

(10th Cir. 2021). There are no allegations suggesting an unlawful motive or animus on the part of Christner, who did nothing more than type up the results of Cody's investigation, with the disclaimer that it was not his investigation. Nor are there any well pleaded allegations suggesting Soyez had any substantive involvement in the investigation or drafting of the warrants. Further, any allegations based on conduct after the warrant was presented by Cody and signed by Judge Viar clearly fail to allege an unlawful conspiracy, because at that point officers did nothing more than execute a judge-signed warrant. As set forth in the Sheriff Defendants' motion to dismiss, Plaintiff fails to adequately allege that Christer or Soyez entered into an illegal conspiracy.

### III.     Plaintiff does not meet her qualified immunity burden.

Plaintiff fails to meaningfully respond to or even address the Sheriff Defendants' First Amendment arguments. She does not explain how it is clearly established that Christner can have violated the First Amendment where there is no allegation of any animus or intent to chill speech, or how Soyez violated the First Amendment where he was not involved in the drafting or execution of the warrant, and the only allegations against him of animus or intent are bald conclusions. Rather, Plaintiff—in the most general terms possible—points to general protections of the press and news gathering activities. This has been tried, and rejected, before. *Fraiser*, 992 F.3d at 1020-21. As the Court observed in *Frasier*:

> Mr. Frasier's attempt to distill a clearly established right applicable here from the general First Amendment principles protecting the creation of speech and the gathering of news runs headfirst into the Supreme Court's prohibition against defining clearly established rights at a high level of generality.

*Id.* at 1021. The same is true here; Plaintiff fails to meet her burden. Further, the law is not nearly as black-and-white as she would suggest. Citing *Zurcher*, which Plaintiff also cites, the Tenth Circuit has explained that "[t]he First Amendment does not protect against investigation of suspected criminal activity, but as a safeguard, the requirements of the fourth amendment must be applied with

3

'scrupulous exactitude,' and that this requirement of strict compliance is met by obtaining a warrant. *Pleasant v. Lovell*, 876 F.2d 787, 803 (10th Cir. 1989). That is exactly what was done here. Plaintiff has not met her qualified immunity burden on her First Amendment claim.

She also falls short regarding her Fourth Amendment claim. In fact, she cites even less case law in making that argument. Instead, she points to facts that have little or nothing to do with the Sheriff Defendants. Namely, (1) falsities in Cody's investigation, which Christner merely transcribed and Soyez had nothing to do with. (2) Cody's presentation of the warrant to Judge Viar, which Christner and Soyez had nothing to do with. (3) The search exceeding the scope of the warrant which, as explained in the Sheriff Defendants' motion, falls well short of gross excess. *High Plains Livestock, LLC v. Allen*, 2019 U.S. Dist. LEXIS 103523, at * 12 (D.N.M. June 19, 2019). And further, ignores the fact that Tenth Circuit case law simply does not require such protocols in the execution of computer searches. *Wellington v. Daza*, 2018 U.S. Dist. LEXIS 97070, at *28 (D.N.M. June 5, 2018)(citing *United States v. Christie*, 717 F.3d 1156, 1166 (10th Cir. 2013). And (4) the raid interfering with the freedom of the press, which suffers from the same generality problems as Plaintiff's First Amendment arguments.

Plaintiff fails to meet her qualified immunity burden. She does not cite any caselaw rebutting or responding to the Sheriff Defendants' arguments about the existence of arguable probable cause for Christner, and especially Soyez's, limited involvement in the investigation. In short, Plaintiff's response begs the question. Plaintiff relies on Plaintiff's interpretation of the law, supposed "international condemnation," and what Plaintiff believes to be obvious as some sort of work around to the law. No such work around exists. Soyez and Christner are entitled to qualified immunity.

### IV.   Plaintiff concedes the Sheriff Defendants' point on the PPA claim.

In their motion, the Sheriff Defendants argued that dismissal of Plaintiff's PPA claim is

required because it does not apply to searches for evidence of a crime or non-work product materials. Importantly, work product materials are documents that are possessed for the purpose of being published. 42 U.S.C. § 2000aa-7(b)(1)-(2).

Responding to this apparent head scratcher, Plaintiff asserts that officers "were clearly looking for material relating to their fanciful belief that somehow a crime had been committed." (Doc. 77, p. 15). Which, of course, is the point. The PPA does not apply to such a search, and by her own terms, Plaintiff fails to state a claim. The search warrant did not target work product materials. Rather, it targeted documents that Cody, and the Magistrate Judge who signed Cody's warrant, believed were evidence of a crime. And as Plaintiff specifically alleges, neither she nor the Record had any intent of publishing that information. (Doc. 35, ¶¶ 66, 68-69). Thus, the materials sought were not work product materials. The PPA simply does not apply and Plaintiff's PPA claim should be dismissed.

## V.    Conclusion

For the reasons set forth herein, and in the Sheriff Defendants' Motion to Dismiss, the Court should dismiss Plaintiff's claims with prejudice for failure to state a claim upon which relief may be granted.

Respectfully submitted,

WATKINS CALCARA, CHTD.

/s/ JEFFREY M. KUHLMAN
Jeffrey M. Kuhlman, #26865
1321 Main Street - Suite 300
P.O. Drawer 1110
Great Bend, Kansas  67530
(620) 792-8231   Fax (620) 792-2775
jkuhlman@wcrf.com
Attorney for Defendants Jeff Soyez, Aaron Christner, and the Board of County Commissioners of Marion County, Kansas

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of June, 2024, I electronically filed the above and foregoing Reply by using the CM/ECF system which will send a notice of electronic filing to registered counsel.

s/     JEFFREY M. KUHLMAN
Jeffrey M. Kuhlman, #26825
