IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PHYLLIS J. ZORN, | ) |
|         Plaintiff, | ) |
| vs. | ) Civil Action No. 2:24-cv-2044-DDC-GEB |
| CITY OF MARION, KS, et al. | ) |
|         Defendants. | ) |

**REPLY IN SUPPORT OF MOTION TO DISMISS BY DEFENDANTS
DAVID MAYFIELD, ZACH HUDLIN AND CITY OF MARION**

Defendants David Mayfield, Zach Hudlin and City of Marion, Kansas, by and through their attorneys, Edward L. Keeley and Jennifer M. Hill of McDonald Tinker PA, submit this Reply memorandum in support of their motion to dismiss filed in this case pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs' First Amended Complaint was filed on April 8, 2024. (Doc 35) These Defendants filed their motion to dismiss on May 17, 2024. (Doc 57, 58) Plaintiffs' response opposing dismissal was filed on June 14, 2024. (Doc 78)

Defendants Mayfield, Hudlin and the City show the Court that Plaintiff's arguments are without merit and are indeed insufficient to prevent dismissal for several reasons. These Defendants (except the City) are entitled to a dismissal because of qualified immunity. In addition, all of these Defendants are entitled to dismissal because Zorn's §1983 and PPA claims fail to state any viable cause of action as a matter of law. Thus, these Defendants request that the Court dismiss all of Zorn's claims against them with prejudice.

**I. NO PLAUSIBLE §1983 CLAIM HAS BEEN STATED AGAINST DEFENDANTS MAYFIELD, HUDLIN OR THE CITY**

This is not a legally complicated case. Plaintiff Zorn (and others) claim that Police Chief Cody caused an invalid search warrant to be executed at the newspaper office where Plaintiff

1

worked. Moreover, Zorn alleges that her work computer and cell phone were illegally seized for five days until released. Based on the facts alleged, Defendants Mayfield and Hudlin were merely on the periphery of this event with little or no involvement.

But Zorn has chosen the proverbial "shotgun" approach of suing everyone she could possibly think of without alleging facts to support her liability theories against the peripheral Defendants. This strategy, however, has been foreclosed by the Supreme Court in *Bell Atl. Corp v. Twombly*, 550 U.S. 554, 576 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In her response, Zorn acknowledges *Twombly* and *Iqbal* but continues to base her claims against Mayfield, Hudlin, and the City almost entirely on conclusory assertions "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 677-680. With respect to these Defendants, Plaintiff's few factual allegations are insufficient as a matter of law to raise her claims "above the speculative level." *Id.* Therefore, these Defendants are entitled to dismissal. *Id.*

## II.   ZORN'S FIRST AND FOURTH AMENDMENT CLAIMS AGAINST MAYFIELD ARE BARRED BY QUALIFIED IMMUNITY

Plaintiff asserts that her claims against former Mayor Mayfield are based on a §1983 supervisory liability theory. (Doc 78 at 5-6) To establish supervisory liability, Zorn must show Mayfield's: 1) personal involvement, 2) causation, and 3) the requisite state of mind. *Estate of Booker v. Gomez*, 745 F. 3d 405, 435 (10th Cir. 2014)

Zorn's attempts to show the required "personal involvement" of Mayfield by contending that Mayfield (as Mayor) "authorized" Cody to investigate both the newspaper at which Zorn worked and the Vice-Mayor, Ruth Herbel. (Doc 78 at 5) Plaintiff's other "facts" supposedly supporting Mayfield's liability in this case relate solely to his alleged dislike of both Herbel and the newspaper, as well as Herbel's independent involvement in obtaining Newell's KDOR letter.

2

(*Id.*) Thus, Plaintiff has not satisfied any of the elements required to establish supervisory liability against Mayfield. *Estate of Borker*, 745 F.3d at 435.

First, no alleged facts show Mayfield's personal involvement in any unconstitutional activity. That Mayfield (as Mayor) purportedly "authorized" Chief Cody to investigate Herbel and Zorn's employer (the newspaper) is insufficient as a matter of law. Moreover, Zorn does *not* allege that Mayfield was personally involved in Cody's investigation, in the preparation of the search warrant affidavit or in the execution of the search warrant. (Doc 78 at 5-7)

Second, no alleged facts establish the requisite element of causation. *Estate of Booker*. Zorn does not even contend that Mayfield caused the alleged unconstitutional conduct by Cody or explain how that was allegedly accomplished by Mayfield. (Doc. 78 at 5-7)

Third, Plaintiff does not allege any facts which would show that Mayfield acted or failed to act with the requisite state of mind. Zorn does not even address this element necessary for Mayfield to be held liable. (Doc 78 at 5-7) Thus, Hudlin may not be held liable based on a "supervisory liability" theory. *Estate of Booker*.

In addition, Zorn has not shown that the law was clearly established with respect to Mayfield in the specific context of the facts alleged. *Mullenix v. Luna*, 136 S. Ct. 305, 309 (2015)

### III. ZORN'S FIRST AND FOURTH AMENDMENT CLAIMS AGAINST HUDLIN ARE BARRED BY QUALIFIED IMMUNITY

Plaintiff asserts that her claims against Hudlin are based on a "duty to intervene" theory. (Doc 78 at 7-8) That theory requires alleged facts to show that 1) Cody violated Zorn's constitutional rights, 2) Hudlin observed or had reasons to know about that constitutional violation, and 3) Hudlin had a realistic opportunity to intervene, but failed to do so. *Bledsoe v. Carreno*, 53 F. 4th 589, 616-617 (10th Cir. 2022). However, Zorn does not allege actual facts to support any of these requisite elements to support her "failure to intervene" theory. *Id.* Even assuming for

3

argument sake that Chief Cody violated Zorn's constitutional rights (which all the City Defendants vehemently deny), Zorn does not provide any alleged facts to establish the specific purported constitutional violation which Hudlin allegedly observed or had knowledge of. Nor does Zorn allege facts to establish that Hudlin had a "realistic opportunity to intervene". *Bledsoe*.

Hudlin merely contacted KDOR during the investigation and relayed that information to Chief Cody. Hudlin also assisted Cody and the other officers in the execution of the search warrant at the newspaper office. As merely an assisting officer, Hudlin is entitled to qualified immunity as a matter of law under these alleged facts. *Wigley v. City of Albuquerque*, 567 Fed Appx. 606, 609-610 (10th Cir. 2014); *Harte v. Board of Commissioners of Johnson County,* 2017 WL 5068907 at 6 (D. Kan.).

In addition, the cases cited by Zorn do not establish that the law was clearly established with respect to Hudlin in the specific context of the facts alleged. In *Bledsoe*, the plaintiff had been wrongly convicted, and he alleged that the law enforcement defendants had intentionally fabricated evidence to frame him for the crime of murder. 53 F. 4th at 616-617. In *Vondrak v. City of Las Cruces*, 535 F.3d 1198, 1209-1210 (10th Cir. 2008), an arrestee had suffered permanent nerve damage from unnecessarily tight handcuffing, and he alleged he had repeatedly told both officers involved that his wrists were hurting and going numb. Neither of these cases satisfy Plaintiff's burden to show the law was clearly established with respect to Hudlin. *Mullenix*

### IV.     ZORN'S §1983 CLAIM AGAINST THE CITY FAILS TO STATE A VIABLE CLAIM

Plaintiff argues that both Mayor Mayfield and Police Chief Cody were final policy makers for the City based on City Code provisions. However, the City Code expressly provides that only Chief Cody had policy making authority (i.e., to establish rules and regulations) for the Police Department. *See* §10-103. Thus, Chief Cody would be *the* final policy maker for the City with

4

respect to Zorn's allegations of police misconduct in this case. Mayor Mayfield's authority was limited as far as police-related matters as shown by his non-involvement in the criminal investigation and search warrant execution.

Plaintiff's §1983 claim against the City fails, however, if based on Cody's actions as the City's final policy maker because Cody and Hudlin did not violate Zorn's constitutional rights. *Rowell v. Board of County Commissioners*, 978 F.3d 1165, 1175 (10th Cir. 2020). Moreover, Zorn's separate "failure to train" theory fails as a matter of law because of insufficient facts alleged to support such a theory. *Waller v. City and County of Denver*, 932 F.3d 1277, 1283-128th (10th Cir. 2019). Therefore, Zorn's §1983 claim against the City fails as a matter of law, and the City should be dismissed with prejudice.

Respectfully submitted:

/s/Edward L. Keeley
Edward L. Keeley, #09771
Jennifer M. Hill, #21213
MCDONALD TINKER PA
300 West Douglas Avenue, Suite 500
Wichita, Kansas 67202
T: (316) 263-5851; F: (316) 263-4677
E: ekeeley@mcdonaldtinker.com
E: jhill@mcdonaldtinker.com
*Attorneys for Defendants Mayfield, Hudlin & City of Marion, KS*

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on this 12th day of July 2024, a true and correct copy of the above and foregoing **Reply in Support of Motion to Dismiss By Defendants Mayfield, Hudlin and City of Marion, KS** was electronically filed with the United States District Court via the CM/ECF system, which will provide electronic notice to all attorneys of record as follows:

| | |
|---|---|
| Jeffrey L. Kuhlmann<br>WATKINS CALCARA, CHTD.<br>1321 Main Street – Suite 300<br>P.O. Drawer 1110<br>Great Bend, Kansas 67530<br>Tel: (620) 792-8231<br>Fax: (620) 792-2775<br>Email: jkuhlman@wcrf.com<br>*Attorneys for Defendants The Board of County Commission of Marion County, KS, Sheriff Jeff Soyez, Aaron Christner* | Randall K. Rathbun<br>DEPEW GILLEN RATHBUN &<br>MCINTEER LC<br>8301 E. 21st Street N., Suite 450<br>Wichita, Kansas 67206-2936<br>T: (316) 262-4000<br>Email: randy@depewgillen.com<br>*Attorney for Plaintiff* |

                                                /s/Edward L. Keeley
                                                Edward L. Keeley, #09771